Matthew R. Gunter, Esquire
Email: MGunter@forthepeople.com
CA Bar No. 360561
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32806
Tel: (407) 236-0946
Fax: (407) 867-4791
Counsel for Plaintiff, Sergio Cisneros

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SERGIO CISNEROS on behalf of himself and those similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>PROPARK AMERICA WEST, LLC,<br><br>Defendant. | CASE NO. ______<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL**<br><br>**(1) Failure to Pay Overtime (Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)**<br>**(2) Failure to Pay Overtime Wages (California Labor Code § 510 and IWC Wage Orders)**<br>**(3) Failure to Provide Meal Periods and Failure to Pay Premium Wages (California Labor Code §§ 226.7, 512)** |

Plaintiff, SERGIO CISNEROS ("Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, sues Defendant PROPARK AMERICA WEST, LLC ("Defendant"), for violations of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201 et seq., including unpaid overtime compensation, liquidated damages, and all other relief under 29 U.S.C. § 216(b). Plaintiff also brings supplemental state-law claims for unpaid daily and weekly overtime and meal period violations under the California Labor Code §§ 510, 1194, 1198, 226.7, and 512.

## GENERAL ALLEGATIONS

1. Plaintiff, SERGIO CISNEROS, on behalf of himself and those similarly situated, brings this action to recover unpaid wages, unpaid overtime compensation, meal period premiums, statutory penalties, and other relief arising from Defendant's violations of the California Labor Code, applicable Industrial Welfare Commission ("IWC") Wage Orders, and related regulations.

2. Plaintiff, SERGIO CISNEROS, on behalf of himself and those similarly situated, was employed by Defendant as a non-exempt, hourly Valet Supervisor from approximately January 7, 2024 through October 8, 2025.

3. Defendant, PROPARK AMERICA WEST, LLC, is a California limited liability company that operates and conducts business throughout California, including Los Angeles County, and at all relevant times qualified as an "employer" within the meaning of California Labor Code section 18 and the applicable Wage Orders.

4. This action arises out of Defendant's violations of federal and California wage-and-hour laws. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which authorizes employees to bring actions in federal court to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

7. This Court has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Plaintiff initially filed his claims against Defendant with the American Arbitration Association ("AAA") on April 6, 2026, pursuant to an arbitration agreement. However, Defendant failed to pay its required employer-side filing fees. On June 9, 2026, the AAA notified the parties that it administratively closed the matter due to

Defendant's failure to submit the required fees pursuant to California Code of Civil Procedure section 1281.97. **See Exhibit A – AAA Correspondence dated June 9, 2026**

9. As a result of Defendant's failure to comply with its arbitration obligations, Defendant has materially breached and waived any right to compel arbitration of Plaintiff's claims under applicable California law, including Code of Civil Procedure section 1281.97.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, including in Los Angeles County, California.

11. Venue is also proper because Defendant conducts business in this District and is subject to personal jurisdiction here.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to Federal Rule of Civil Procedure 23.

13. Plaintiff seeks to represent a class defined as follows ("Class"):

> All current and former non-exempt employees of Defendant who worked in California during the applicable limitations period and who were subject to Defendant's policies and practices alleged herein, including but not limited to failures to provide compliant meal periods and to pay all overtime wages.

14. The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and based thereon alleges, that the Class includes dozens, if not hundreds, of employees.

15. There are common questions of law and fact that predominate over any questions affecting only individual Class members. These common questions include, without limitation:

a. Whether Defendant maintained policies or practices that failed to provide legally compliant meal periods;
b. Whether Defendant failed to pay meal period premium wages;
c. Whether Defendant failed to record and compensate all hours worked;
d. Whether Defendant failed to properly calculate and pay overtime wages;
e. Whether Defendant's timekeeping practices resulted in unpaid wages; and
f. Whether Defendant's conduct violated the California Labor Code and applicable Wage Orders.

16. Plaintiff's claims are typical of the claims of the Class because they arise from the same policies, practices, and course of conduct by Defendant, and are based on the same legal theories.

17. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests that are antagonistic to or in conflict with those of the Class, and has retained counsel competent and experienced in class action and wage-and-hour litigation.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by individual Class members are relatively small compared to the burden and expense of individual litigation, making it impracticable for Class members to individually seek redress.

19. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

20. Questions of law and fact common to Class members predominate over any questions affecting only individual members, and a class action is the superior method for adjudicating this dispute under Federal Rule of Civil Procedure 23(b)(3).

21. Plaintiff seeks certification of the Class, appointment as Class Representative, appointment of his counsel as Class Counsel, and all other relief afforded under Rule 23.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

23. Plaintiff seeks to represent a collective defined as follows ("FLSA Collective"):

> All current and former non-exempt employees of Defendant who worked for Defendant in the United States during the applicable limitations period and who were not paid all overtime wages for hours worked in excess of forty (40) in a workweek.

24. Plaintiff is informed and believes, and based thereon alleges, that the members of the FLSA Collective are similarly situated in that they were subject to common policies, practices, and/or plans of Defendant that resulted in the failure to pay all overtime compensation owed under the FLSA.

25. These common policies and practices include, but are not limited to:

a. Failing to record and compensate employees for all hours worked;

b. Requiring employees to perform work during meal periods or off-the-clock without compensation;

c. Failing to include all compensable time in calculating total weekly hours worked; and

d. Failing to properly calculate and pay overtime premiums for hours worked over forty (40) in a workweek.

26. As a result of these uniform policies and practices, Plaintiff and the FLSA Collective members were denied overtime compensation to which they are entitled under the FLSA.

27. Plaintiff's experience is typical of the experiences of the FLSA Collective members, and his claims are based on the same legal theories.

28. The identities of the FLSA Collective members are known to Defendant and can be obtained through Defendant's payroll and employment records.

29. Pursuant to 29 U.S.C. § 216(b), Plaintiff and similarly situated employees are entitled to notice of this action and the opportunity to opt in as party plaintiffs.

30. Plaintiff requests that this Court authorize the issuance of notice to all similarly situated employees, approve the form and method of such notice, and require Defendant to produce the names, last known addresses, telephone numbers, email addresses, and other identifying information of potential collective members in a timely manner.

31. Plaintiff and all similarly situated employees seek all relief available under the FLSA, including unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## WAGE VIOLATION ALLEGATIONS

32. During their employment, Plaintiff, those similarly situated, worked at multiple locations in Los Angeles County, California, including the Hotel Perla location in downtown Los Angeles, which was consistently understaffed and particularly demanding.

33. At all relevant times, Plaintiff, and those similarly situated, were a non-exempt employee paid on an hourly basis and was entitled to the protections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., as well as the California Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Orders, including requirements governing overtime compensation, meal periods, and accurate timekeeping.

34. Plaintiff, and those similarly situated, were paid approximately $25.00 per hour, plus tips, and regularly worked shifts exceeding eight (8) hours in a day and, on occasion, more than ten (10) hours in a single workday. Plaintiff, and those similarly situated, also regularly worked more than forty (40) hours in a workweek.

35. Throughout Plaintiff's, and those similarly situated, employment, Defendant failed to provide Plaintiff, and those similarly situated, with timely, uninterrupted, duty-free meal periods as required by California Labor Code section 512 and the applicable Wage Order.

36. Defendant routinely required Plaintiff, and those similarly situated, to work during meal periods, failed to relieve him of all work duties, and/or required him to remain on duty or on-call during purported meal breaks, rendering such meal periods noncompliant under California law and compensable time under both California law and the FLSA.

37. During their employment, Plaintiff, and those similarly situated, frequently worked shifts exceeding ten (10) hours without being provided a required second meal period, in violation of California Labor Code section 512(a).

38. Despite these meal period violations, Defendant failed to pay Plaintiff, and those similarly situated, the required one (1) hour of premium pay for each workday in which a compliant meal period was not provided.

39. Defendant also failed to accurately record and compensate Plaintiff, and those similarly situated, for all hours worked, including time worked during missed, interrupted, or on-duty meal periods, resulting in the systematic underpayment of straight-time and overtime wages in violation of both the FLSA and California law.

40. By failing to capture all hours worked and excluding compensable meal-period work time, Defendant failed to properly calculate Plaintiff's, and those similarly situated, regular rate of pay and overtime compensation for hours worked over forty (40) in a workweek under the FLSA, and over eight (8) hours in a workday and/or forty (40) hours in a workweek under California law.

41. When all hours worked—including work performed during meal periods—are properly accounted for, Plaintiff, and those similarly situated, regularly worked more than forty (40) hours in one or more workweeks, entitling them to overtime

compensation under the FLSA, and more than eight (8) hours in a workday and/or forty (40) hours in a workweek under California Labor Code section 510.

42. Defendant willfully failed to pay Plaintiff, and those similarly situated, all overtime wages owed, including overtime required under the FLSA and California law, and including overtime attributable to work performed during meal periods and other off-the-clock work.

43. Defendant maintained inaccurate timekeeping and punch-correction practices, including missing, deleted, or altered time entries, which resulted in further underpayment of wages and overtime in violation of the FLSA and California Labor Code.

44. Plaintiff raised concerns regarding missed meal periods, unpaid work time, and inadequate staffing with management and requested additional staff to allow legally compliant breaks and proper compensation, but Defendant failed to take corrective action.

45. Defendant's unlawful conduct was systemic and the result of common policies and practices, including understaffing, unrealistic workload expectations, failure to pay for all hours worked, and pressure on hourly employees to prioritize operational demands over compliance with federal and California wage-and-hour laws.

46. As a proximate result of Defendant's violations, Plaintiff, and those similarly situated, suffered damages including unpaid minimum and overtime wages under the FLSA, unpaid overtime and premium wages under California law, and related damages.

47. Plaintiff seeks all relief available under the FLSA and California Labor Code, including unpaid wages, overtime compensation, liquidated damages under the FLSA, meal period premium wages, statutory penalties, interest, attorneys' fees, costs, and declaratory relief.

**COUNT I – FAILURE TO PAY OVERTIME COMPENSATION**

*(Fair Labor Standards Act – 29 U.S.C. § 201 et seq.)*

48. Plaintiff reincorporates and realleges all allegations contained in Paragraphs 1 through 47 above as though fully set forth herein.

49. At all relevant times, Plaintiff was a non-exempt employee within the meaning of the FLSA and was entitled to overtime pay at one and one-half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

50. Defendant suffered or permitted Plaintiff to work overtime hours but failed to properly compensate him for all hours worked over forty (40) in a workweek.

51. Defendant failed to include all compensable time—including time worked during missed, interrupted, or on-duty meal periods—in calculating Plaintiff's total weekly hours, resulting in underpayment of overtime wages.

52. Defendant's violations of the FLSA were willful.

53. As a proximate result of Defendant's unlawful conduct, Plaintiff suffered unpaid overtime wages, along with statutory interest.

**COUNT II – FAILURE TO PAY OVERTIME COMPENSATION**
*(California Labor Code § 510; IWC Wage Order)*

54. Plaintiff reincorporates and realleges all allegations contained in Paragraphs 1 through 47 above as though fully set forth herein.

55. At all relevant times, Plaintiff was a non-exempt employee under California law and was entitled to overtime compensation at the rate of one and one-half (1.5) times his regular rate of pay for all hours worked in excess of eight (8) hours in a workday and forty (40) hours in a workweek, and double time where applicable, pursuant to California Labor Code section 510 and the applicable IWC Wage Order.

56. During Plaintiff's employment with Defendant, Defendant required Plaintiff to work overtime hours but failed to pay him all overtime wages earned.

57. Defendant regularly required Plaintiff to work through legally required meal periods, and failed to record or include this time as hours worked for purposes of calculating overtime compensation.

58. When the hours Plaintiff worked during missed or interrupted meal periods are properly included, Plaintiff regularly worked more than eight (8) hours in a day and/or forty (40) hours in a workweek, entitling him to additional overtime compensation.

59. Despite this, Defendant failed to pay Plaintiff overtime wages at the required premium rates for numerous workdays and workweeks.

60. Defendant's failure to pay overtime compensation was willful and knowing, and resulted from Defendant's common policies and practices, including improper timekeeping, understaffing, and requiring employees to work through meal periods without pay.

61. As a proximate result of Defendant's unlawful conduct, Plaintiff suffered unpaid overtime wages, along with statutory interest.

62. Pursuant to California Labor Code sections 510, 1194, and 1194.2, Plaintiff seeks recovery of all unpaid overtime wages, interest, reasonable attorneys' fees, costs, and such other relief as the Court deems proper.

**COUNT III - FAILURE TO PROVIDE MEAL PERIODS AND FAILURE TO**

**PAY MEAL-PERIOD PREMIUM WAGES**

*(California Labor Code §§ 226.7, 512; IWC Wage Order)*

63. Plaintiff reincorporates and realleges all allegations contained in Paragraphs 1 through 47 above as though fully set forth herein.

64. At all relevant times, Defendant was required to provide Plaintiff with a duty-free, uninterrupted meal period of not less than thirty (30) minutes for work shifts exceeding five (5) hours, and a second meal period for shifts exceeding ten (10) hours, as required by California Labor Code section 512 and the applicable IWC Wage Order.

65. Defendant failed to provide Plaintiff with compliant meal periods, including by requiring Plaintiff to work during meal periods, remain on duty, or otherwise remain subject to Defendant's control.

66. On numerous occasions, Plaintiff also worked shifts in excess of ten (10) hours without being provided a second meal period, in violation of California law.

67. For each workday in which Defendant failed to provide a compliant meal period, Defendant was required to pay Plaintiff one additional hour of pay at Plaintiff's regular rate of compensation as a meal-period premium.

68. Defendant failed to pay Plaintiff all meal-period premium wages owed for missed, late, interrupted, or otherwise non-compliant meal periods.

69. Defendant's violations were systemic and willful, arising from common policies and practices, including chronic understaffing and pressure on employees to prioritize operational demands over compliance with meal-period requirements.

70. As a proximate result of Defendant's unlawful conduct, Plaintiff suffered damages in the form of unpaid meal-period premium wages, interest, and statutory penalties.

71. Pursuant to California Labor Code section 226.7 and applicable Wage Orders, Plaintiff seeks recovery of all unpaid meal-period premium wages, interest, reasonable attorneys' fees, costs, and such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff SERGIO CISNEROS respectfully requests that this Court enter judgment in his favor and against Defendant PROPARK AMERICA WEST, LLC, and award the following relief:

1. For unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and California law;

2. For liquidated damages pursuant to 29 U.S.C. § 216(b) in an amount equal to the unpaid overtime wages;

3. For an order conditionally certifying this action as a collective action pursuant to 29 U.S.C. § 216(b), authorizing notice to all similarly situated employees,

and requiring Defendant to produce the names and contact information of such employees;

4. For an order certifying the California state law claims as a class action pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as Class Representative, and appointing his counsel as Class Counsel;

5. For meal period premium wages in the amount of one (1) hour of pay at Plaintiff's and Class members' regular rates of compensation for each workday in which Defendant failed to provide a compliant meal period, pursuant to California Labor Code section 226.7 and applicable Wage Orders;

6. For all wages unlawfully withheld, including straight-time and overtime wages, pursuant to California Labor Code sections 510 and 1194;

7. For pre-judgment and post-judgment interest on all unpaid wages and premium wages as permitted by law;

8. For reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b), California Labor Code section 1194, and other applicable statutes;

9. For statutory penalties to the extent authorized under the California Labor Code and applicable Wage Orders;

10. For declaratory relief declaring Defendant's policies and practices violative of the FLSA and California wage-and-hour laws;

11. For such other and further legal and equitable relief as the Court deems just and proper.

Dated this 9th day of June, 2026. Respectfully submitted,

**s/ Matthew R. Gunter**
Matthew R. Gunter, Esquire
Email: MGunter@forthepeople.com
CA Bar No. 360561
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32806
Tel: (407) 236-0946
Fax: (407) 867-4791
Counsel for Plaintiff, Sergio Cisneros